**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:12-cv-01843 PAB-KMT**

**KLEIN FRANK, P.C.**

    *Plaintiff,*

vs.

**JAMES E. GIRARDS and**
**JAMES E. GIRARDS, P.C. d/b/a**
**THE GIRARDS LAW FIRM**

    *Defendants.*

_____

**PROTECTIVE ORDER**
_____

This matter having come before the Court on Plaintiff's Motion for Protective Order and having reviewed the filings of the parties and entertained oral argument, finds and orders as follows:

1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to the interests of David Dawson, the client in the ongoing matter, Dawson v. Fluor from which this dispute arises. This Protective Order is entered for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

      2.     "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing work product exchanged between the parties during <u>Dawson v Fluor</u>, Dallas Texas. The term "document" is defined as provided in Fed. R. Civ. P. 34(a). Information in the hands of third parties or obtained from third parties, while perhaps being subject to various privileges, is not necessarily Confidential Information for purposes of this Protective Order .

      3.     Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

          a.     By imprinting the word "Confidential" on the first page or cover of any document produced;

          b.     By imprinting the word "Confidential" next to or above any response to a discovery request; and

          c.     With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

      4.     All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

          a.     It shall be used <u>only</u> for the purpose of <u>this</u> litigation and not for any business or other purpose whatsoever;

b.  It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case unless an affidavit in the form of Exhibit A has been signed.

5.  Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6.  The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7.  During the pendency of this action, opposing counsel may, upon court order or agreement of the parties, inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8.  No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9. During the pendency of this litigation, the parties shall retain the original Confidential Information, and their counsel shall retain custody of a copy Confidential Information and copies made therefrom pursuant to paragraph 8 above. The Confidential Information may be retained in electronic format or hard copy.

10. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file the appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of the Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

11. Use of Confidential Information in Court Proceedings: In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the

documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978)(applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

12.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14.     Upon termination of this litigation, including any appeals, each Party's counsel shall be responsible for the destruction of all Confidential Information provided to third parties subject to this Protective Order, and all electronic copies, PDF documents, extracts, abstracts, charts, summaries, notes or copies made therefrom. However, counsel shall be entitled to keep copies of all Confidential Information in his or her files. Counsel shall mark their files as containing confidential information and take whatever steps are necessary to maintain the confidentiality of the Confidential Information after the termination of this litigation.

15.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

16. If either party mistakenly produces information in discovery that is subject to a privilege claim – if such privilege has accrued in the course of <u>this</u> action – a claim of inadvertent production must be made within 20 business days of the date the producing party learns of the inadvertent production. The inadvertent production will not constitute waiver of the privilege. If no agreement can be reached on the treatment of the document, the producing party shall be free to move the Court for an order requiring the return of the document.

Dated this 15th day of November, 2012.

BY THE COURT:

_____
Kathleen M Tafoya
United States Magistrate Judge

# **AFFIDAVIT**

STATE OF _____ )
                                          ) ss.
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in Civil Action Number 12 CV 01843- PAB-KMT, a copy of which is attached to this Affidavit.

2. I have been informed by_____, Esq., counsel for _____, that certain materials that have been provided to me are Confidential Information as defined in the Protective Order.

3. I have not and will not divulge any Confidential Information provided to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this or related litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

Signature)

(Print or Type Name)

Address

Telephone No.

SUBSCRIBED AND SWORN to before me this___ day of _____, 201_, by _____.

WITNESS my hand and official seal.
Notary Public
  [S E A L]
My Commission Expires: _____