IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01843-PAB-KMT

KLEIN FRANK, P.C.,

    Plaintiff,

v.

JAMES E. GIRARDS and
JAMES E. GIRARDS, P.C., d/b/a The Girards Law Firm,

    Defendants.

## ORDER

This matter is before the Court on the Motion for Remand [Docket No. 12] and the Second Supplemental Motion for Remand [Docket No. 32] filed by plaintiff Klein Frank, P.C. ("Klein Frank"). In its motions, Klein Frank requests that the Court remand this case for lack of subject matter jurisdiction. Docket No. 12-1 at 5-6. The motions are fully briefed and ripe for disposition.[1]

This case arises out of a state personal injury lawsuit filed by David Dawson in the District Court for the County of Dallas, Texas. *See Dawson v. Fluor Intercontinental, Inc.*, Case No. 09-cv-15340 ("*Fluor*"). In *Fluor*, defendants James E. Girards and James E. Girards, P.C. were local counsel for Mr. Dawson. Klein Frank also represented Mr. Dawson in that case. Mr. Dawson terminated defendants' representation of him in the *Fluor* case in September 2011. On December 7, 2011, Klein Frank filed this action in

---

[1] Defendants James E. Girards and James E. Girards, P.C. oppose a remand of this case; however, defendants did not file a response to Klein Frank's supplemental motion for remand. *See* Docket No. 32 at 2.

the District Court for the County of Boulder, Colorado seeking a declaratory judgment that defendants are not entitled to attorneys' fees for work performed in the *Fluor* case because defendants were terminated for cause. Docket No. 17 at 6, ¶¶ 12-13. While this case was pending in Boulder County, the *Fluor* case went to trial in Dallas and, on June 15, 2012, the jury awarded Mr. Dawson approximately $18.78 million in damages. *See* Docket No. 24-1.[2] On June 15, 2012, Klein Frank served defendants with the complaint in this case, Docket No. 1 at 1, ¶ 3, and on July 13, 2012, pursuant to 28 U.S.C. § 1332, defendants removed the case to this court. *Id.* at 2, ¶ 4.

In the notice of removal, defendants allege that the amount in controversy exceeds the $75,000 jurisdictional threshold.[3] *Id.* In support, defendants assert that, based on the amount of Mr. Dawson's jury award, the contingency fee agreement allows defendants to recover attorneys' fees in excess of $75,000. *See* Docket No. 1-5 at 1-2.[4]

---

[2]On August 20, 2012, the *Fluor* court entered final judgment in favor of Mr. Dawson in the amount of $18.78 million. Docket No. 32-4 at 3.

[3]It is undisputed that the parties are completely diverse. *See* Docket No. 1 at 2, ¶ 4.

[4]According to the retainer agreement, Mr. Dawson's attorneys would "receive an attorney's fee equal to 33-1/3% of any gross amount collected . . . includ[ing] specially awarded costs or attorney fees." Docket No. 17 at 8 (Exhibit B). The complaint states that "the Girards Law Firm will be compensated at 15% of the fee for local counsel representation. If the case proceeds to trial, that figure will be adjusted upwards to no more than 30% of the fee." Docket No. 17 at 4, ¶ 6. As noted above, the jury in *Fluor* returned a verdict for $18.78 million in favor of Mr. Dawson, meaning that defendants' contingency fee would exceed the $75,000 jurisdictional threshold, i.e., 15% x (33-1/3% x 18,780,047.00) = 938,999.61. Docket No. 24-1.

2

In its motion for remand, Klein Frank argues that neither the complaint nor the notice of removal establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. Docket No. 12-1 at 6. Klein Frank contends that, because there has been no settlement and no final judgment in the *Fluor* case, the possible amount of recovery is unknown and there is no value to the object of the litigation. *Id.*

Subject matter jurisdiction under 28 U.S.C. § 1332(a) requires, in addition to diversity of citizenship, an amount in controversy in excess of "$75,000, exclusive of interest and costs." In cases seeking declaratory relief, the amount in controversy is "measured by the value of the object of the litigation." *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (citing *Hunt v. Wash. State. Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). In these cases, the Tenth Circuit follows the "either viewpoint rule," under which the amount in controversy is determined by "either the value to the plaintiff or the cost to the defendant of injunctive and declaratory relief." *Id.* Defendants bear the burden of establishing that the requirements for diversity jurisdiction have been met. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

The amount in controversy is ordinarily determined by the allegations in the complaint or, where they are not dispositive, by the allegations in the notice of removal. *Id.* When, as here, "the plaintiff's damages are unspecified, courts generally require that a defendant establish the jurisdictional amount by a preponderance of the evidence." *Id.* (citations omitted). The Tenth Circuit has held that:

> a proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed.

*McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)).

In this case, the "object of the litigation" is the amount of attorneys' fees defendants can recover pursuant to the retainer agreement.[5] *Lovell*, 466 F.3d at 897. Because the complaint in this case does not provide an amount for damages, the Court looks to the notice of removal. In the notice of removal, defendants provide exhibits[6] showing that, at the time of removal, a jury had awarded Mr. Dawson approximately $18.78 million in damages.[7] *See* Docket No. 1-6. In addition, defendants supply

---

[5]Although the complaint does not reference a specific amount of attorneys' fees, the complaint seeks a declaratory judgment that "Defendants were terminated for cause and not entitled to any [attorneys'] fee[s]." Docket No. 17 at 6.

[6]Documents attached to the notice of removal are treated as part of the pleadings. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes").

[7]In its reply, Klein Frank states that a court in this district remanded a case with identical pleadings back to state court. *See Klein Frank, P.C. v. Miller, Curtis & Weisbrod, LLP*, No. 12-cv-01859-WYD-MJW, 2012 WL 3135528 (D. Colo. August 1, 2012). In that case, the court found that "the amount of money involved in the Texas action, the status of that case, and any potential contingency fee at issue are unknown." *Id.* at *2. Unlike that case, defendants here have shown that the Dallas state court action resulted in a judgment in favor of Mr. Dawson for $18.78 million and that they may be entitled to an award of attorneys' fees in excess of $75,000. *See* Docket No. 1-6 at 1.

exhibits showing that, pursuant to the retainer agreement, they are entitled to a percentage of Mr. Dawson's award for the work they performed in the *Fluor* litigation. Docket No. 1-3 at 4, ¶ 6. Klein Frank does not dispute these facts.

Instead, Klein Frank argues that defendants have not proven by a preponderance of the evidence the amount of attorneys' fees they may recover. Docket No. 31 at 2. Klein Frank claims that defendants' contingency fee is not conditioned on the jury verdict, but rather on actual recovery. Docket No. 12-1 at 7; *see also* Docket No. 12-7 at 1 (counsel for Mr. Dawson "will receive an attorney's fee equal to 33-1/3% of any gross amount *collected*.") (emphasis added).[8] Because defendants have not shown whether the Dallas trial court will "reverse, remand or grant a new trial" or "that the Texas Court of Appeal will [up]hold the verdict," Klein Frank contends defendants cannot establish their monetary claim. Docket No. 31 at 2.

As the Tenth Circuit noted in *McPhail*, defendants need only "affirmatively establish jurisdiction by proving jurisdictional *facts* that ma[k]e it *possible* that $75,000 [is] in play" at the time of removal. 529 F.3d at 955 (emphasis in original). Here, defendants have shown that, based on the jury verdict in the *Fluor* case and the contingency fee agreement, it was possible that they could recover attorneys' fees in excess of $75,000 at the time of removal. Although an appellate court could reduce Mr. Dawson's jury award, Klein Frank has not shown to a "legal certainty" that defendants cannot recover their claimed amount. *McPhail*, 529 F.3d at 953. In addition, the possibility that an appellate court could reverse Mr. Dawson's award does not strip the

---

[8] Klein Frank also seeks costs and attorneys' fees incurred as a result of removal. Docket No. 12-1 at 9-10.

Court of subject matter jurisdiction.  Federal courts retain jurisdiction over a properly removed case even if a later event, such as a "subsequent reduction of the amount at issue below jurisdictional levels, destroys previously existing jurisdiction."  *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 391 (1998) (citations omitted); *see, e.g., St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.").  Thus, although an appellate court could later amend Mr. Dawson's award, defendants have established that the amount in controversy exceeded $75,000 at the time of removal.  *See Emland Builders, Inc. v. Shea*, 359 F.2d 927, 929 (10th Cir. 1966) (amount in controversy is determined at the time the case is removed to federal court).  Accordingly, the Court finds that defendants have met their burden of showing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.  Plaintiff, however, has not shown to a "legal certainty" that defendants cannot recover at least $75,000 based upon the pleadings at the time of removal.[9]  *Cf. Ciecka v. Rosen*, --- F. Supp. 2d ----, 2012 WL 5451474, at *3-4 (D.N.J. Nov. 5, 2012) (finding that case was properly removed because defendants showed by a preponderance of the evidence that attorneys' fees

---

[9]Similarly, plaintiff's argument regarding quantum meruit is unavailing because it discusses the merits of defendants' claim for attorneys' fees.  Docket No. 31 at 3.  As noted above, "[o]nce the [jurisdictional] facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal" of the case.  *McPhail*, 529 F.3d at 955.

for representation in the underlying action exceeded the $75,000 jurisdictional threshold).  Accordingly, the Court will deny plaintiff's motion for remand on that basis.[10]

Next, Klein Frank requests that the Court decline to exercise jurisdiction over this declaratory judgment action.  Docket No. 12-1 at 7-8.  In support, Klein Frank states that the parties are currently litigating the attorneys' fee dispute in the Dallas state court action.  *Id.* at 9.  Klein Frank argues that, if the Court asserts jurisdiction over this action, other issues related to the case will remain unresolved such as whether the arbitration clause in the retainer agreement applies in this case.  *Id.*

Under 28 U.S.C. § 2201, a district court must consider several case-specific factors when deciding whether to exercise its authority to issue a declaratory judgment.  *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008).  These factors include:

> (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to res judicata; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).  The Court finds that none of the aforementioned factors weigh against the exercise of jurisdiction here.  First, a declaratory judgment in this case will settle the controversy between the parties as plaintiff seeks a declaratory judgment finding that defendants are not entitled

---

[10] The Court will also deny Klein Frank's request for attorneys' fees incurred in connection with the motion for remand.

to attorneys' fees. Second, because plaintiff chose to file its complaint in Colorado state court fully aware of the ongoing litigation in Dallas state courts, it cannot now argue that the case will not clarify legal issues. Third, there is no evidence that defendants have engaged in procedural fencing in removing the case. Fourth, there is no likelihood of friction between state and federal courts because, should the Dallas state court determine that arbitration is mandated by the terms of the contract, then this case may be stayed pending the outcome of arbitration. Fifth, plaintiff provides no support for why a Colorado state court is a more effective forum than this Court for resolving this case. Therefore, the Court will exercise its discretion to hear the declaratory claims asserted by plaintiff in this case.

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion for Remand [Docket No. 12] is **DENIED**. It is further

**ORDERED** that Plaintiff's Unopposed Second Supplemental Motion for Remand [Docket No. 32] is **DENIED**.

DATED December 27, 2012

               BY THE COURT:

               s/ Philip A. Brimmer
               PHILIP A. BRIMMER
               United States District Judge